SCHEB, Judge.
The circuit court, in its appellate capacity, held the county court erred in denying defendant’s motion for dismissal at the conclusion of plaintiff’s evidence, but that plaintiff was entitled to another trial to present additional evidence. In this latter ruling the court departed from the essential requirements of the law. Our writ of cer-tiorari is granted.
Respondent K.M.A., as plaintiff, filed an action in county court seeking damages against the petitioner Canada Dry, as defendant. The complaint alleged that Canada Dry’s employee negligently allowed one of its trucks to roll down a street and crash into K.M.A.’s building. In a nonjury trial, K.M.A. relied solely upon the hearsay testimony of its president, who was not present when the accident occurred, to establish liability of the defendant. K.M.A.’s timely objection to this hearsay evidence was overruled by the trial judge.
When the plaintiff completed its presentation and again at the conclusion of the trial, defendant Canada Dry moved to dismiss the action under Fla.R.Civ.P. 1.420(b). The court denied the motions and awarded K.M.A. a judgment of $2,724.88.
On appeal the circuit court adjudged:
1. The Final Judgment is reversed because the lower court erred in denying Appellant’s [Canada Dry’s] motion for involuntary dismissal, made at the end of Appellee’s [K.M.A.’s] case in chief and renewed at the close of all the evidence.
2. This cause is remanded to the lower court with the direction that Appellee [K.M.A.] be allowed to reopen its case in chief in order to present any evidence it may have of Appellant’s [Canada Dry’s] negligence or evidence it may have which will permit application of the doctrine of res ipsa loquitur.
Once a plaintiff has been given a fair opportunity to present its case in chief and the defendant, as here, has moved for dismissal under Rule 1.420(b), the court must determine if a prima facie case has been established. The motion is treated similarly to a motion for directed verdict in a jury trial. If the plaintiff has not established a prima facie case, it is incumbent upon the court to grant the defendant’s motion and render a judgment on the merits for the defendant. Tillman v. Baskin, 260 So.2d 509 (Fla.1972); Osborne v. Shell Oil Co., 104 So.2d 670 (Fla. 1st DCA 1958); Fla.R.Civ.P. 1.420(b).
Where a trial court has refused to enter a directed verdict in favor of the defendant, the circuit court on appeal must *848 either affirm, or reverse with directions to enter judgment for the movant. See 6345 Collins Avenue v. Fein, 95 So.2d 577 (Fla. 1957). Here the circuit court properly reversed the county court for denying the defendant’s motion to dismiss. But, as an appellate tribunal, the circuit court then departed from the essential requirements of the law when it remanded the case to allow the plaintiff to reopen and present additional evidence.
Certiorari is granted and this cause is remanded with directions that the circuit court order a judgment be entered in favor of defendant.
HOBSON, A. C. J., and McNULTY, J., concur.