378 So.2d 74 (1979)
Rony DUKANAUSKAS, Appellant,
v.
METROPOLITAN DADE COUNTY, Etc., et al., Appellees.
No. 78-2212.
District Court of Appeal of Florida, Third District.
December 18, 1979.
*75 Horton, Perse & Ginsberg and Edward A. Perse, Miami, Bernard H. Butts, Hialeah, for appellant.
Stuart L. Simon, County Atty. and James K. Kracht, Asst. County Atty., for appellees.
Before BARKDULL and NESBITT, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
NESBITT, Judge.
This is an appeal by the plaintiff in a personal injury action from an adverse summary judgment entered in favor of Metropolitan Dade County.
The plaintiff was injured when his vehicle collided with that of another motorist on April 11, 1975. The plaintiff commenced his action against the offending motorist on July 10, 1975. After discovery, it became apparent that Dade County may have been responsible, in whole or part, for the accident through improper maintenance of the embankment and shoulder adjacent to the roadway. Consequently, an amended complaint was filed on June 10, 1976 joining Metropolitan Dade County as a co-defendant.
After the cause was at issue, Metropolitan Dade County filed a motion for summary judgment alleging the plaintiff's failure to comply with the written notice of Section 2-2 of the Code of Metropolitan Dade County and the written notice requirements prescribed by Section 768.28(6), Florida Statutes (1975) prior to instituting the action. The trial court granted the motion and entered summary final judgment in favor of Dade County from which this appeal is taken.
At the outset, we note that the county's sixty-day notice requirement has recently been invalidated by this court as conflicting with the three-year notice requirement of Section 768.28(6), supra. Scavella v. Fernandez, 371 So.2d 535 (Fla. 3d DCA 1979). Consequently, the judgment appealed from cannot be affirmed on authority of Section 2.2 of the Code of Metropolitan Dade County. However, between the entry of this judgment and this appeal various decisions of other courts have disposed of the question of validity of the requirements of Section 768.28(6).
In Hutchins v. Mills, 363 So.2d 818 (Fla. 1st DCA 1978), cert. denied 368 So.2d 1368 (Fla. 1979), that court upheld the provisions of questioned statute stating:
F.S. 768.28(6) is analogous to Section 95.241, Florida Statutes 1973, now revised, which required a written notice of claim to be given a municipality within ninety days of the occurrence or discovery *76 of certain injuries as a prerequisite to the maintenance of an action against the municipality for those injuries.
In its landmark decision of Commercial Carrier Corporation v. Indian River County, 371 So.2d 1010, 1022-1023 (Fla. 1979), our Supreme Court upheld the requisite notice provisions of the challenged statute as follows:
As to the second issue, we agree with the respondents that the third-party complaints were deficient from the standpoint of properly alleging compliance with the notice provisions of section 768.28(6), Florida Statutes (1975). Compliance with that subsection of the statute is clearly a condition precedent to maintaining a suit. Crumbley v. City of Jacksonville, 102 Fla. 408, 135 So. 885 (1931); High v. City of Jacksonville, 51 Fla. 207, 40 So. 1032 (1906). Consequently, the performance of the condition should be alleged in the complaint in accordance with Florida Rule of Civil Procedure 1.120(c). In Cheney, there was no allegation of statutory compliance. In Commercial Carrier Corporation, it was alleged that proper notice had been given to both governmental defendants, but there was no allegation that timely written notice was given to the Department of Insurance as is also required by section 768.28(6). Nonetheless, failure of the pleadings in this regard does not call for dismissal with prejudice. In view of our holdings herein, the third-party complaint in each case should have been dismissed with leave to amend.
Appellant concedes, as it must, that no attempt was ever made to comply with the written notice provisions of Section 768.28(6), Florida Statutes (1975) prior to the filing of the amended complaint. Appellant requests of this court, that in the event it affirms the judgment appealed from, it do so with instructions that the cause stand abated so that written notice may be properly given to the county and the cause of action revived.
Since the time for the performance of the mandatory conditions precedent has elapsed, this court is without authority to order that the proceeding be abated.[1] Section 768.28(1), Florida Statutes (1975) waives sovereign immunity "only to the extent specified in this act." In construing an analogous notice requirement contained in municipal charter provisions, the Supreme Court in Town of Miami Springs v. Lasseter, 60 So.2d 774 (Fla. 1952) held:
This notice is a condition precedent to the right to maintain an action, and its dignity and importance were recognized by this court when it announced that the notice was on the same plane with the statute of limitations and the latter could not be waived by conduct of one possessing less than governmental authority, unless expressly authorized by statute.
This is in accord with the general rule that abatement of an action is proper only where the cause of action is not extinguished and thus capable of revival. 1 Am.Jur.2d Abatement, Survival and Revival, § 125. In this case, the time within which an action may be commenced has expired. See § 95.11(3)(a), Fla. Stat. (1977).
The trial court was correct in entering the summary final judgment appealed from. Affirmed.
NOTES
[1] We are not unmindful that in Commercial Carrier Corporation our Supreme Court remanded the cause to the trial court with leave for the plaintiffs to amend their complaint alleging timely written notice in compliance with the statute. In the instant case, that would be unavailing since it is clear that such an allegation could not be supported by evidence.