GLICKSTEIN, Judge.
The trial court in this cause entered a “Summary Judgment” in favor of defendant county. Notwithstanding the caption, the body of the judgment[1] establishes it to be final and reviewable by plenary appeal. We affirm.
Appellant filed all his pleadings in the trial court and here pro se. They, together with an affidavit in the record, establish that he is an airline pilot working out of Fort Lauderdale-Hollywood International Airport. The northwest corner of the employees’ parking lot mostly is reserved for Federal Aviation Administration employees.[2] Appellant parked his automobile there because most of the time ten or twelve of these parking spaces remained unused and he was required to walk a longer distance than was necessary with a flight kit and suitcase in inclement weather.
Appellant claims his automobile was removed by a towing company at Broward County Transportation Department’s request and his automobile sustained physical damages causing him $115.29 in out of pocket expenses. He first sued the towing company in the County Court. His statement of claim was dismissed and apparently he took no appeal therefrom. He then brought this action praying for compensatory and punitive damages in the sums of $115.29 and $75,000, respectively. He also sought the adjudication of sections 2-3[3] and 23-20.4[4] of the Code of Ordinances of Broward County as discriminatory, there *1045 fore unconstitutional as applied to him, and an injunction against the enforcement of these ordinances.
The county, in its motion to dismiss the amended complaint, maintained appellant had failed to allege in his claim for damages compliance with section 768.28(6), Florida Statutes (1977), which says:
An action shall not be instituted on a claim against the state or one of its agencies or subdivisions unless the claimant presents the claim in writing to the appropriate agency, and also, except as to any claim against a municipality, presents such claim in writing to the Department of Insurance, within 3 years after such claim accrues and the Department of Insurance or the appropriate agency denies the claim in writing. The failure of the Department of Insurance or the appropriate agency to make final disposition of a claim within 6 months after it is filed shall be deemed a final denial of the claim for purposes of this section. The provisions of this subsection shall not apply to such claims as may be asserted by counterclaim pursuant to s. 768.14.
The county repeated the foregoing in its affirmative defenses.
Instead of complying with section 768.-28(6), appellant filed a reply in which he merely alleged the county had not raised this point in the motion to dismiss his original complaint. The county again raised this point in its motion for summary judgment and, while appellant did not ignore it, he asserted the statute was not applicable to his claim. Of course, it was; this is borne out by the fact that the sole issue raised on appeal by appellant was whether he could recover damages as a result of torts committed against him by the county.[5]
Appellant’s cause of action arose on April 14, 1978. He had three years within which to transmit his claim for damages in writing pursuant to section 768.28(6). Because the time for performance of the mandatory condition has elapsed, we have no choice but to affirm. See Dukanauskas v. Metropolitan Dade County, 378 So.2d 74 (Fla. 3d DCA 1979).[6]
BERANEK, J., concurs.
ANSTEAD, J., concurs specially with opinion.

. The body of the judgment recites that it is “ADJUDGED that Plaintiff takes nothing by this action and Defendant goes hence without day and recover from Plaintiff its costs to be hereinafter taxed.”

. The record reflects paragraph thirteen of the grant agreement then in force between the Board of County Commissioners and the FAA provides:
The parties hereto recognize that a continuing need exists for parking space for Government owned and controlled automotive equipment used or assigned for use in serving FAA facilities and equipment on and in the vicinity of the airport. It is agreed by the parties hereto that parking spaces for such automotive equipment are presently being provided without charge and that such arrangement will continue in effect until such time as the parties may reach a new and written agreement in such matters.
The parties hereto further recognize the need for adequate parking space for motor vehicles used by FAA employees in providing them transportation to their place of employment and assigned duty stations on the airport. It is fully understood by and between the parties hereto that the Sponsor has made adequate parking space available to the FAA employees and that such parking space will continue to be made available to such FAA employees on terms that are as favorable as those provided to the Sponsor’s employees and the employees of others having duty stations on the airport. It is agreed that such arrangement will continue in effect until the parties have reached a new and written agreement concerning such matters.

. Section 2-3 provides:
Parking of vehicles at certain airports. Parking spaces and drives at the Fort Lauderdale-Hollywood International Airport . .. shall be designated by the board of county commissioners and plainly marked by appropriate signs. All vehicles are prohibited from parking in any area not so designated and marked. (Res. of 9-30-69, § 1).

.Section 23-20.4 provides:
Restricted parking zone.
(a) No person shall stop, stand or park a vehicle for any purpose or length of time in any restricted parking zone other than for the purpose to which parking in such zone is restricted except that a driver of a passenger vehicle may stop temporarily in such zone for the purpose of and while actually engaged in loading or unloading of passengers when such stopping does not interfere with any vehicle which is waiting to enter or about to enter the zone for the purpose of parking in accordance with the purpose to which parking is restricted.
(b) When official signs are erected, or notices are otherwise displayed, designating a parking zone, area, or space for restricting parking for authorized vehicles only, no person shall park an unauthorized vehicle in violation of such displayed notices or erected signs. By the word “authorized,” it is meant the vehicle is of the class or type given authorization by the director of the department of transportation or that it bears a decal or!other emblem authorized by the director of the department of transportation.
(c) Vehicles parked in violation of this section shall be subject to removal at the owner’s expense, as provided in section 23-20.-15(b), when removal of said vehicle is authorized by a law enforcement officer. (Ord. No. 77-14, § 10, 3-15-77).

. Appellant’s claim for punitive damages was properly stricken by the trial court pursuant to section 768.28(5), Florida Statutes (1977), which provides, in part:
The state and its agencies and subdivisions shall be liable for tort claims in the same manner and to the same extent as a private individual under like circumstances, but liability shall not include punitive damages or interest for the period prior to judgment.
Appellant raises for the first time on appeal, and thus too late for consideration, the proposition that the threshold question for this court is whether a municipal corporation can be held liable under the Civil Rights Statutes for torts committed against a private individual. 42 U.S.C. § 1983 et seq. Appellant’s amended complaint makes no mention of these statutes. His sole prayer for compensatory damages was for the $115.29. His initial brief, moreover, does no more than review the law of immunity of “municipal corporations,” based on the expressed assumption that the trial court’s entry of summary judgment must have been an application of “one of the three standards of immunity.”

. Although appellee’s brief gratuitously raises a substantial number of matters never raised by appellant in his initial brief, appellant insists in his reply thereto that his entitlement to relief is based upon tortious acts of the county. That being so, his position in the trial court that section 768.28 does not apply to his claim has been self-defeating. The section applies to torts and only to torts. As for the constitutional issues raised by appellant in his amended complaint, his briefs are as silent upon them as was the summary judgment being appealed. Even when given the opportunity to reply after the county gratuitously argued in Point VI of its answer brief that appellee could regulate parking under its police power, appellant simply replied that the county is liable for its torts.