450 So.2d 233 (1984)
Joseph W. ASKEW, Appellant,
v.
COUNTY OF VOLUSIA, Appellee.
No. 82-1687.
District Court of Appeal of Florida, Fifth District.
April 5, 1984.
Rehearing Denied May 18, 1984.
Dan R. Warren of Judge & Warren, P.A., Daytona Beach, for appellant.
Daniel D. Eckert, Asst. County Atty., DeLand, for appellee.
COBB, Judge.
This is an appeal from an order dismissing a complaint with prejudice for failure to comply with the notice requirements of section 768.28(6), Florida Statutes (1981).
Appellant Askew, the plaintiff below, claimed he was injured in an accident on April 13, 1979, due to Volusia County's negligence. Askew filed an initial complaint against the lessee of the property on May 25, 1979, and added the County as a defendant by amended complaint on March 27, 1981. Askew served this complaint on the County on January 25, 1982. Pursuant to section 768.28(6), Florida Statutes (1981), Askew sent notice to the County on April 6, 1981, and to the Department of Insurance on November 17, 1981.
The County moved to dismiss the first amended complaint, alleging failure to comply with section 768.28(6). The court granted the dismissal on April 12, 1982. Askew filed a second amended complaint on April 15, 1982. The County again moved to dismiss, claiming that notice was insufficient since it was given to the County subsequent to the action being filed (March 27, 1981) and that six months had not elapsed since service to the Department of Insurance in November, 1981. The court dismissed the complaint without prejudice *234 on June 2, 1982, giving Askew leave to amend to comply with the statutory requirements.
On May 24, 1982,[1] Askew filed an "Original Complaint," alleging that the notice requirements were met. The County again moved to dismiss, and the court dismissed the complaint with prejudice. It is this dismissal which is the focus of the instant appeal.
In the order dismissing the complaint, the trial court notes that the May, 1982 complaint is based on the same circumstances, and sets out the same cause of action as the other complaints previously filed. The court notes the notice given on April 6, 1981 and November 17, 1981, and after quoting the statutory provision, states:
Compliance with the foregoing provisions is a condition precedent to maintaining a suit against the County. Commercial Carrier Corp. v. Indian River County, 371 So.2d 1010 (Fla. 1979). In the instant case, plaintiff's exhibits show on their face that he has failed to perform the required condition precedent. Plaintiff's only attempts at giving notice were subsequent to the filing of his first amended complaint in Case No. 79-1907-CA-01-C, and were ineffective under the statute. Hutchins v. Mills, 363 So.2d 818 (Fla. 1st DCA 1978); Dukanauskas v. Metropolitan Dade County, 378 So.2d 74 (Fla. 3d DCA 1979). Plaintiff is now unable to comply with the provisions of the statute, since more than three years have passed since April 15, 1979, the date on which plaintiff alleges his cause of action to have arisen.
Section 768.28(6), Florida Statutes (1981), provides:
An action shall not be instituted on a claim against the state or one of its agencies or subdivisions unless the claimant presents the claim in writing to the appropriate agency, and also, except as to any claim against a municipality, presents such claim in writing to the Department of Insurance within 3 years after such claim accrues and the Department of Insurance or the appropriate agency denies the claim in writing. The failure of the Department of Insurance or the appropriate agency to make final disposition of a claim within 6 months after it is filed shall be deemed a final denial of the claim for purposes of this section. The provisions of this subsection shall not apply to such claims as may be asserted by counterclaim pursuant to s. 768.14.
This statute provides for two conditions that must be met in order to institute an action against the state: (1) the plaintiff must present the claim in writing to the agency and to the Department of Insurance within three years after the claim accrues, and (2) the Department of Insurance or agency must either deny the claim in writing or take no action within six months, either of which constitutes a final denial of the claim.
Under the statute, a party wishing to institute suit has three years from the time of the incident giving rise to the suit to file the notice with the appropriate agency. See Levine v. Dade County School Board, 442 So.2d 210 (Fla. 1983). If the time for notice has passed, then the trial court has no alternative but to dismiss the complaint with prejudice. Levine. Therefore, under the statute, if notice of the incident is given on the last day, then suit could be delayed by the state's inaction until three-and-a-half years after the incident (three years for notice plus six months for denial), thus falling within the four-year statute of limitations for negligence. See § 95.11(3)(a), Fla. Stat. (1981).
In the instant case, Askew filed his notice with the County and the Department of Insurance on April 6 and November 17, 1981, respectively. This was within the statutory three-year period, and when an additional six months had passed with no state action, the conditions precedent to the *235 filing of the complaint were met. Here, that would have occurred on May 17, 1982. Under section 95.11(3)(a), Florida Statutes (1981), the plaintiff had until April 13, 1983, to file suit. He filed within that time.
The trial court apparently felt that since the notice was given after the filing of the original complaint, it was forever ineffective. It relied on Hutchins v. Mills, 363 So.2d 818 (Fla. 1st DCA 1978), cert. denied, 368 So.2d 1368 (Fla. 1979), and Dukanauskas v. Metropolitan Dade County, 378 So.2d 74 (Fla. 3d DCA 1979), for this finding. This reliance is misplaced.
In Hutchins, suit was filed against the state without prior compliance with section 768.28(6). Notice was subsequently given to the state following the state's motion to dismiss the complaint. The trial court held that there was an absence of jurisdiction, since the notice of claim had not been given prior to the institution of the suit. The First District held that since under certain conditions the state or its agencies might be deemed to have waived the claim notice requirement, it cannot be jurisdictional. The court saw the dismissal as correct, however, since there were no allegations of waiver or estoppel. The court stated:
We reach such result not because the trial court lacked subject matter jurisdiction of the claim, but because appellant failed to plead a compliance with F.S. 768.28(6), which is in the nature of a condition precedent and which must be plead by appellant in order to state a cause of action.
363 So.2d at 821.
In Dukanauskas, suit was filed against the County on a vehicular accident. The County filed a motion to dismiss, alleging non-compliance with the statutory notice provision prior to institution of the action. The trial court granted the motion and entered a summary judgment for the County. In that case, no attempt was ever made to comply with section 768.28(6) prior to the filing of the amended complaint and since the time for the performance of the conditions precedent (three years from the accident) had elapsed, the court affirmed the dismissal. The court noted that the Supreme Court in Commercial Carrier Corp. v. Indian River County, 371 So.2d 1010, 1022-23 (Fla. 1979), allowed for leave to amend when the notice provisions were not complied with, but distinguished it from the instant case where an amendment would be futile, since three years had already elapsed.[2]
In the instant case, the notice was properly given within the three-year time limit. The court should have either allowed an amendment of the previously-filed complaint to properly allege notice,[3] or certainly allowed the newly-filed complaint to stand, since all the conditions precedent had then occurred and were properly alleged. The prior dismissal of the complaints does not in any way negate the previously given timely notice, and it was effective. Therefore, the order dismissing the complaint is reversed and the cause remanded for further proceedings.
We recognize that our holding herein is in conflict with the rationale of Saleh v. Watkins, 415 So.2d 858 (Fla. 5th DCA 1982), even though that case concerned section 713.06(3)(d), Florida Statutes (1981). The language of that statute and the instant statute is logically indistinguishable. For that reason, we have considered this *236 conflict en banc, and recede from our holding in Saleh. See Commercial Carrier.
REVERSED and REMANDED.
ORFINGER, C.J., and FRANK D. UPCHURCH, Jr., SHARP and COWART, JJ., concur.
DAUKSCH, J., dissents without opinion.
NOTES
[1] The hearing on the motion to dismiss, entered on June 2, was held on May 24, with the trial court orally indicating the order it intended to render.
[2] The Supreme Court in Commercial Carrier stated:

Consequently, the performance of the condition should be alleged in the complaint in accordance with Florida Rule of Civil Procedure 1.120(c). In Cheney, there was no allegation of statutory compliance. In Commercial Carrier Corporation, it was alleged that proper notice had been given to both governmental defendants, but there was no allegation that timely written notice was given to the Department of Insurance as is also required by section 768.28(6). Nonetheless, failure of the pleadings in this regard does not call for dismissal with prejudice. In view of our holdings herein, the third-party complaint in each case should have been dismissed with leave to amend.
371 So.2d 1022-23.
[3] See Cazares v. Church of Scientology of California, 444 So.2d 442 (Fla. 5th DCA 1983).