483 So.2d 874 (1986)
Jim HARDCASTLE, As Sheriff of Sarasota County, Florida, Appellant,
v.
Neil C. MOHR, Appellee.
No. 85-862.
District Court of Appeal of Florida, Second District.
February 28, 1986.
F. Steven Herb and Thomas R. Peppler of Nelson, Hesse, Cyril, Smith, Widman & Herb, Sarasota, for appellant.
Jack Wm. Windt, Sarasota, for appellee.
SCHEB, Acting Chief Judge.
Appellant sheriff of Sarasota County challenges a final judgment of dismissal allowing appellee Neil C. Mohr to refile an action for false arrest. The sheriff asserts that the final judgment should have been entered in his favor on the merits.
On October 21, 1982, Mohr sued the sheriff for false arrest. The trial court granted the sheriff's motion to dismiss the complaint because Mohr had failed to comply with the requirements of section 768.28(6), Florida Statutes (1981). Under this section Mohr was required to present a claim in writing to both the sheriff and the Department of Insurance six months before bringing action against the sheriff. See Beard v. Hambrick, 396 So.2d 708 (Fla. 1981). The trial judge gave Mohr leave to file an amended complaint.
In his amended complaint of February 24, 1983, Mohr alleged that he had provided such notice to the sheriff, but he did not allege that he had furnished the required notice to the Department of Insurance. In his answer, the sheriff filed an affirmative defense that Mohr had failed to comply with section 768.28(6).
The case came on for jury trial in December 1984. After Mohr rested his case, the sheriff moved for a directed verdict (now referred to as a motion for involuntary dismissal under Florida Rule of Civil Procedure 1.420(b)). The sheriff based his motion on several grounds including Mohr's failure to prove that he met the statutory condition precedent of providing notice to the Department of Insurance before commencing his action. The court granted the motion on this basis.
Mohr moved to vacate the order granting a directed verdict. On March 21, 1985, the court denied the motion to vacate and entered final judgment of dismissal. The judgment provided that "although this is not a finding on the merits, this Court finds that a jury could not lawfully return a verdict in Plaintiff's favor, and therefore, *875 this Court granted Defendant's Motion for Directed Verdict ... on the procedural grounds that the Plaintiff did not comply with the condition precedent required by Florida Statute 768.28(6)." The court also found that since it entered the directed verdict "based solely on the Supreme Court opinion in Levine v. Dade County School Board, 442 So.2d 210 (Fla. 1983)," the final judgment was without prejudice to Mohr refiling another action. The court said it was not making a determination of whether the doctrine of res judicata would bar a second action.
On appeal, the sheriff argues that the court erred in failing to enter final judgment on the merits in his favor. The sheriff bases his contention on Mohr having rested his case after a full and fair chance to prove every material fact essential to recovery and having failed to prove compliance with section 768.28(6). Thus, he asserts res judicata applies to prevent Mohr from forcing the sheriff through a second trial involving the identical facts and issues. We agree.
We think the trial judge erred in allowing Mohr to refile his complaint. In Levine, the supreme court held that a trial court had no alternative but to dismiss the plaintiff's complaint with prejudice for failing to comply with the notice requirement of section 768.28(6) because the time for filing such notice had expired. See also Commercial Carrier Corp. v. Indian River County, 371 So.2d 1010, 1022 (Fla. 1979). Conversely, appellee Mohr counters that the trial judge properly dismissed his action without prejudice because time remained for him to comply with section 768.28(6). Lee v. South Broward Hospital District, 473 So.2d 1322 (Fla. 4th DCA 1985); Askew v. County of Volusia, 450 So.2d 233 (Fla. 5th DCA 1984).
Logic would support Mohr's proposition if Mohr had suffered a dismissal on the pleadings like the plaintiffs in Lee and Askew. Instead, Mohr chose to present his case at trial in the face of the sheriff's affirmative defense of his failure to provide the required notice. Since Mohr did not establish a prima facie case that he had complied with the notice requirement, it was incumbent on the trial judge to render judgment on the merits for the defendant sheriff. See Canada Dry Bottling Co. of Florida v. K.M.A., Inc., 349 So.2d 846 (Fla. 2d DCA 1977). At this point, it was too late in the proceedings for Mohr to rectify his error of having failed to show compliance. See City of Miami Beach v. O'Hara, 166 So.2d 598 (Fla. 3d DCA 1964), cert. denied, 172 So.2d 597 (Fla. 1965).
Procedurally, this case is more closely analogous to Calhoun v. New Hampshire Insurance Co., 354 So.2d 882 (Fla. 1978), than to Levine. In Calhoun, the plaintiff filed a suit seeking damages for personal injuries sustained in a car accident. At that time, section 627.737, Florida Statutes (1975), provided that a condition precedent to maintaining an action for damages was proof of permanent injury or aggregate compensable damages over $1,000. The Florida Supreme Court held that once a jury had determined the plaintiff did not establish this threshold level of compensable damages, the plaintiff could not relitigate the same claim against the defendant. Calhoun, 354 So.2d at 883.
Similarly, Mohr had a fair and full opportunity to plead and prove his cause of action. Consequently, public policy and the interests of justice require the application of res judicata to bar him from relitigating the identical facts and issues. See, e.g., Hay v. Salisbury, 92 Fla. 446, 109 So. 617 (1926); Husky Industries, Inc. v. Griffith, 422 So.2d 996 (Fla. 5th DCA 1982).
Accordingly, we reverse and remand for entry of an order of involuntary dismissal with prejudice against Mohr and in favor of the sheriff.
SCHOONOVER and LEHAN, JJ., concur.