495 So.2d 834 (1986)
PUBLIC HEALTH TRUST OF DADE COUNTY D/B/a Jackson Memorial Hospital, the University of Miami and Peritz Scheinberg, M.D., Petitioners,
v.
The Honorable Francis X. KNUCK, Circuit Court Judge for the Eleventh Judicial Circuit in and for Dade County, Florida, Respondent.
No. 86-1146.
District Court of Appeal of Florida, Third District.
October 7, 1986.
*835 Fowler, White, Burnett, Hurley, Banick & Strickroot and Steven E. Stark, Miami, for petitioners.
Magill & Lewis and R. Fred Magill, Miami, for respondent.
Before SCHWARTZ, C.J., and BASKIN and JORGENSON, JJ.
BASKIN, Judge.
Challenging the trial court's abatement of a medical malpractice action filed against them by patient Blanche Freundlich, petitioners Public Health Trust of Dade County d/b/a Jackson Memorial Hospital [Jackson Memorial Hospital], the University of Miami, and Dr. Peritz Scheinberg seek a writ of prohibition to preclude the trial court from reviving the action. Petitioners maintain that plaintiff Freundlich's failure to comply with statutory prerequisites to the filing of her lawsuit prior to the expiration of the applicable statute of limitations period bars further proceedings. We agree that the writ should be granted as to the University of Miami and Dr. Scheinberg, but find that it is not appropriate as to Jackson Memorial Hospital.
On February 10, 1986, Freundlich instituted an action to recover damages for injuries she sustained on February 16, 1984, as a consequence of petitioners' allegedly negligent medical care. Petitioners moved to dismiss the complaint because Freundlich had failed to serve the requisite notice of intent to initiate medical malpractice litigation, § 768.57(2), Fla. Stat. (1985),[1] on petitioners University of Miami and Dr. Scheinberg within the applicable statute of limitations period, § 95.11(4)(b), Fla. Stat. (1985),[2] had failed to observe the mandatory ninety-day "presuit screening period" prior to filing suit, § 768.57(3)(a), Fla. Stat. (1985),[3] and had omitted from her pleadings the good faith certificate alleging compliance with statutory requirements, § 768.495, Fla. Stat. (1985).[4] During the hearing *836 on the motion to dismiss, the trial court granted Freundlich's ore tenus motion to abate the action to enable her to comply with the neglected provisions. As a result of the trial court's order, petitioners seek a writ of prohibition from this court to foreclose revival of the action. See English v. McCrary, 348 So.2d 293 (Fla. 1977).
Petitioners assert that because Freundlich instituted her action after October 1, 1985, the effective date of the Comprehensive Medical Malpractice Reform Act of 1985, Ch. 85-175, § 55, Laws of Fla., her complaint fell within the purview of sections 768.495 and 768.57, Florida Statutes (1985). Thus, they argue, Freundlich did not toll the statute of limitations when she filed suit because she failed to serve appropriate notice and failed to observe the ninety-day "presuit screening period." Consequently, her lawsuit is barred by the statute of limitations and, despite the trial court's abatement, may not be revived. Freundlich responds that the filing of a complaint commencing the action tolls the statute of limitations. Szabo v. Essex Chemical Corp., 461 So.2d 128 (Fla. 3d DCA 1984); Bermudez v. Florida Power & Light Co., 433 So.2d 565 (Fla. 3d DCA 1983), review denied, 444 So.2d 416 (Fla. 1984); Pratt v. Durkop, 356 So.2d 1278 (Fla. 2d DCA 1978). According to her argument, the trial court may revive the abated action once she complies with the statutory prerequisites. In any event, Freundlich asserts, the notice she provided to Jackson Memorial Hospital on June 12, 1985, pursuant to section 768.28(6)(a), Florida Statutes (Supp. 1984), satisfied the requirements of section 768.57. We disagree.
This case presents a question of first impression under the recently enacted statute. We turn for guidance in reaching our decision to cases interpreting section 768.28(6), Florida Statutes (1985), a statute with similar language. See Levine v. Dade County School Board, 442 So.2d 210 (Fla. 1983); Dukanauskas v. Metropolitan Dade County, 378 So.2d 74 (Fla. 3d DCA 1979); § 768.28, Fla. Stat. (1985). Section 768.28(6) describes conditions precedent to the institution of a claim against the state. See Levine; Commercial Carrier Corp. v. Indian River County, 371 So.2d 1010, 1022 (Fla. 1979). Both Levine and Dukanauskas hold that compliance with statutory conditions precedent and allegations of compliance are essential to the complaint. Levine, 442 So.2d at 213; Dukanauskas, 378 So.2d at 76. Because sovereign immunity is waived only to the extent specified in section 768.28, once the limitations period expires, plaintiff loses the opportunity to provide the omitted requirements. Burkett v. Calhoun County, 441 So.2d 1108 (Fla. 1st DCA 1983); Dukanauskas; see Halpin v. Short, 490 So.2d 1271 (Fla. 2d DCA 1986); cf. Wemett v. Duval County, 485 So.2d 892 (Fla. 1st DCA 1986) (dismissal of complaint with prejudice error where plaintiff could comply with § 768.28(6)(a) within limitations period); Lee v. South Broward Hospital District, 473 So.2d 1322 (Fla. 4th DCA 1985) (same); Askew v. County of Volusia, 450 So.2d 233 (Fla. 5th DCA 1984) (same). Once the limitations period has expired, the trial court lacks authority to abate the action; an action may be abated "only where the cause of action is not extinguished and thus capable of revival." Dukanauskas, 378 So.2d at 76; see Levine. Applying these analogous principles to the case before us, we are compelled to reject Freundlich's argument that the filing of her complaint tolled the statute of limitations notwithstanding her noncompliance with statutory prerequisites.
*837 Furthermore, the statutory scheme of the Medical Malpractice Reform Act illustrates that the legislature envisioned a situation, as in the case before us, where the statute of limitations would expire before the end of the ninety-day "presuit screening period." Under those circumstances, the legislature offers protection to plaintiffs who have complied with statutory conditions precedent: the Act authorizes a tolling of the statute of limitations during the ninety-day screening period. § 768.57(4). In order to toll the statute of limitations, however, a plaintiff must adhere to the mandate of section 768.57(2), and serve a notice of intent to initiate litigation within the limitations period set forth in section 95.11. § 768.57(4). The legislative protection is expressly provided to litigants who follow the dictates of section 768.57. Freundlich's complaint, however, did not comply with the statute, and thus did not toll the statute of limitations. Because the statute of limitations expired before Freundlich could satisfy the conditions precedent to filing suit against petitioners University of Miami and Dr. Scheinberg, we hold that the trial court erred in abating the action as to those petitioners. See Levine; Dukanauskas.
We reject as without merit Freundlich's contention that the notice she sent to Jackson Memorial Hospital sufficed as notice to all defendants. Section 768.57(2) requires that a claimant "serve upon each prospective defendant ... a notice of intent to initiate litigation for medical malpractice." (emphasis supplied). The legislature removed any doubt as to its intention by stating in subsection 8 of section 768.57 that "[i]f there is more than one prospective defendant, the claimant shall [serve] the notice of claim and follow the procedures in this section for each defendant." (emphasis supplied). Freundlich's notice to Jackson Memorial Hospital does not constitute notice to other defendants under section 768.57.
For these reasons, we grant the writ and prohibit revival of the action against the University of Miami and Dr. Scheinberg; however, because the applicable statute of limitations, § 768.28(11), Fla. Stat. (1985), has not expired, see Whitney v. Marion County Hospital District, 416 So.2d 500 (Fla. 5th DCA 1982), we deny the writ as to Jackson Memorial Hospital. We remand for further proceedings consistent with this opinion.
NOTES
[1] Section 768.57(2), Florida Statutes (1985), provides:

768.57 Notice before filing action for medical malpractice; presuit screening period; offers for admission of liability and for arbitration; review. 
... .
(2) Prior to filing a claim for medical malpractice, a claimant shall serve upon each prospective defendant by certified mail, return receipt requested, a notice of intent to initiate litigation for medical malpractice.
[2] Section 95.11(4)(b), Florida Statutes (1985), provides:

95.11 Limitations other than for the recovery of real property.  Actions other than for recovery of real property shall be commenced as follows:
... .
(4) WITHIN TWO YEARS. 
... .
(b) An action for medical malpractice shall be commenced within 2 years from the time the incident giving rise to the action occurred or within 2 years from the time the incident is discovered, or should have been discovered with the exercise of due diligence; however, in no event shall the action be commenced later than 4 years from the date of the incident or occurrence out of which the cause of action accrued.
[3] Section 768.57(3)(a), Florida Statutes (1985), provides:

(3)(a) No suit may be filed for a period of 90 days after notice is served upon the prospective defendant, except that this period shall be 180 days if controlled by s. 768.28(6)(a).
[4] Section 768.495, Florida Statutes (1985), provides:

768.495 Pleading in medical negligence cases; claim for punitive damages. 
(1) No action shall be filed for personal injury or wrongful death arising out of medical nelgigence, whether in tort or in contract, unless the attorney filing the action has made a reasonable investigation as permitted by the circumstances to determine that there are grounds for a good faith belief that there has been negligence in the care or treatment of the claimant. The complaint or initial pleading shall contain a certificate of counsel that such reasonable investigation gave rise to a good faith belief that grounds exist for an action against each named defendant. (emphasis supplied).