DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

JO ANN DANIELS,

Appellant,

v.

READYCAP LENDING, LLC,

Appellee.

No. 2D22-4106

_____

March 6, 2024

Appeal from the Circuit Court for Pasco County; Susan G. Barthle,
Judge.

Chance Lyman and Steven C. Pratico of Buchanan Ingersoll & Rooney
PC, Tampa, for Appellant.

Jonathan S. Glickman and Daniel A. Miller of Slusher & Rosenblum,
P.A., West Palm Beach; and Daniel A. Miller of Daniel A. Miller, P.A.,
Royal Palm Beach, for Appellee.

BLACK, Judge.

Dr. Jo Ann Daniels appeals from the final judgment entered in
favor of ReadyCap Lending, LLC, on its claim for breach of the
unconditional guarantee executed by her, arguing that ReadyCap's claim

is barred by res judicata.  We agree and reverse.  Because this issue is dispositive, we decline to address the other arguments raised on appeal.

In 2006 two corporate borrowers executed a note to obtain a business loan.  The note was secured by a commercial mortgage and two unconditional guarantees, one of which was executed by Dr. Daniels. The borrowers defaulted on the note, and so in 2017 ReadyCap filed an action against the borrowers to enforce the note and foreclose the commercial mortgage.  In that same action, ReadyCap sought a judgment against Dr. Daniels, alleging that Dr. Daniels breached the unconditional guarantee by failing to pay all amounts due under the note.[1]  Dr. Daniels defended against the claim in part by asserting that ReadyCap had failed to satisfy all conditions precedent to pursuing a claim for breach of the guarantee.  Specifically, Dr. Daniels asserted that ReadyCap had failed to make a written demand for payment to Dr. Daniels as required by the guarantee.

ReadyCap moved for summary judgment with respect to all counts. A partial final summary judgment was entered in favor of ReadyCap and against the borrowers and the other guarantor.  However, the trial court denied the motion for summary judgment with respect to the breach of guarantee count against Dr. Daniels, expressing concern about the issue relating to the written demand.  ReadyCap's claim against Dr. Daniels proceeded to a bench trial in January 2020.  Prior to trial, ReadyCap and Dr. Daniels stipulated that "[n]o written demand for payment was sent to Dr. Daniels prior to the filing of this action."  ReadyCap and Dr. Daniels also stipulated that among the matters to be tried was the issue of "[w]hether service of written demand of payment on [Dr.] Daniels was a

---

[1] ReadyCap also sought a judgment against the other guarantor.

2

condition precedent to bringing suit to enforce the Guarantee of [Dr.] Daniels." Importantly, should Dr. Daniels prevail on this issue, the parties stipulated to the entry of a final judgment in favor of Dr. Daniels concluding that ReadyCap "has failed to meet its burden of proof relative to the claim for breach of guarantee," that Dr. Daniels "is therefore entitled to entry of a judgment against" ReadyCap, and that ReadyCap "shall have and recover no amount whatsoever ($0.00) from" Dr. Daniels and "shall go hence without day as to its claims against" Dr. Daniels. If, on the other hand, ReadyCap should prevail on the matters to be tried, the parties stipulated that ReadyCap would be entitled to recover damages on its claim against Dr. Daniels.

At trial the court ruled that written demand upon Dr. Daniels for payment was a condition precedent to filing the claim for breach of the guarantee. The trial court therefore entered the agreed-upon partial final summary judgment in favor of Dr. Daniels. ReadyCap did not appeal.

In February 2020, one month after the court entered judgment in favor of Dr. Daniels, ReadyCap sent a written demand to Dr. Daniels for payment of all amounts due under the note, which had since merged with the partial final judgment. When Dr. Daniels failed to pay, ReadyCap filed a second action against Dr. Daniels for breach of the unconditional guarantee. Both parties moved for summary judgment. In her motion for summary judgment, Dr. Daniels argued, among other things, that the claim for breach of the unconditional guarantee was barred by res judicata. The trial court denied Dr. Daniels' motion, granted ReadyCap's motion with respect to liability, and reserved ruling on damages. Following a bench trial in October 2022, final judgment was entered against Dr. Daniels on ReadyCap's claim for breach of the unconditional guarantee. This appeal followed.

Since the application of res judicata is a question of law, our standard of review is de novo. *See Crescent Shore Condo. Ass'n v. Kai*, 330 So. 3d 582, 585 (Fla. 2d DCA 2021). "Under principles of res judicata, a final disposition of an action on the merits bars a subsequent action between the same parties on the same cause of action." *Pelphrey-Weigand v. Weigand*, 283 So. 3d 822, 825 (Fla. 2d DCA 2019); *see also Fla. Dep't of Transp. v. Juliano*, 801 So. 2d 101, 105 (Fla. 2001) ("A judgment on the merits rendered in a *former* suit between the same parties or their privies, upon the same cause of action, by a court of competent jurisdiction, is conclusive not only as to every matter which was offered and received to sustain or defeat the claim, but as to every other matter which might with propriety have been litigated and determined in that action." (quoting *Kimbrell v. Paige*, 448 So. 2d 1009, 1012 (Fla. 1984))). ReadyCap had the full and fair opportunity to litigate its breach of guarantee claim at trial during which it was determined that ReadyCap had failed to satisfy a condition precedent. The trial court entered judgment in favor of Dr. Daniels, finding that ReadyCap had failed "to meet its burden of proof relative to the claim for breach of guarantee." Given the circumstances of this case, res judicata bars ReadyCap from bringing the same claim against Dr. Daniels in a subsequent action.[2]

*Hardcastle v. Mohr*, 483 So. 2d 874 (Fla. 2d DCA 1986), is instructive. In that case, the trial court granted the sheriff's request to dismiss without prejudice Neil Mohr's action against him for false arrest

---

[2] This case is distinguishable from cases involving installment contracts, *see, e.g.*, *Singleton v. Greymar Assocs.*, 882 So. 2d 1004 (Fla. 2004), such that the cases addressing the doctrine of res judicata in that context are inapposite.

for failure to comply with section 768.28(6), Florida Statutes (1981). *Id.* at 874. Section 768.28(6) required Mr. Mohr to provide written notice of his claim to the sheriff and the Department of Insurance six months prior to filing the action. *Id.* Mr. Mohr filed an amended complaint in which he alleged that he had provided the requisite notice to the sheriff; the amended complaint did not, however, allege that he had provided the requisite notice to the Department of Insurance. *Id.* As such, the sheriff filed an affirmative defense alleging failure to comply with section 768.28(6). *Id.* The case proceeded to a jury trial, and after Mr. Mohr rested his case, the sheriff moved for a directed verdict (now referred to as a motion for involuntary dismissal[3]) based in part on Mr. Mohr's failure to comply with the statutory condition precedent. *Id.* The trial court granted the motion and ultimately entered a final judgment of dismissal without prejudice to Mr. Mohr filing a new action. *Id.* at 874-75. The judgment specifically provided as follows:

> [A]lthough this is not a finding on the merits, this Court finds that a jury could not lawfully return a verdict in Plaintiff's favor, and therefore, this Court granted Defendant's Motion for Directed Verdict . . . on the procedural grounds that the Plaintiff did not comply with the condition precedent required by Florida Statute 768.28(6).

*Id.*

The sheriff appealed, arguing that the trial court erred in failing to enter a final judgment on the merits because res judicata barred a subsequent action based on the same facts and issues. *Id.* at 875. This court agreed and held that since Mr. Mohr chose to present his case at trial despite the sheriff's affirmative defense and failed to prove

---

[3] *See* Fla. R. Civ. P. 1.420(b).

compliance with the condition precedent, "it was incumbent on the trial judge to render judgment on the merits for the defendant sheriff." *Id.*

ReadyCap, just like Mr. Mohr, elected to proceed to trial in the face of Dr. Daniel's affirmative defense and "had a fair and full opportunity to plead and prove [its] cause of action" for breach of the unconditional guarantee. *See id.* But ReadyCap failed to satisfy its burden of proof. As a result, "public policy and the interests of justice require the application of res judicata to bar" ReadyCap from relitigating the breach of guarantee claim. *See id.*; *cf. Shuck v. Bank of Am., N.A.*, 862 So. 2d 20, 24 n.2 (Fla. 2d DCA 2003) ("The dismissal of a prematurely filed action after trial is on the merits and should be made with prejudice. Under these circumstances, the doctrine of res judicata will bar a subsequent action.").

ReadyCap's assertion that the second action against Dr. Daniels is different from the first action against Dr. Daniels because it made a written demand for payment is unavailing. Having pursued its breach of guarantee claim at trial against Dr. Daniels for payment due under the note following the default of the borrowers and failed, ReadyCap is foreclosed from seeking a second bite at the apple. *See Schmidt v. Sabow*, 331 So. 3d 781, 787 (Fla. 2d DCA 2021) ("[R]es judicata prevents [plaintiff] from attempting a second bite at the apple to correct failures in legal strategy occurring in previous litigation."); *cf. Calhoun v. N.H. Ins.*, 354 So. 2d 882, 883 n.4 (Fla. 1978) ("The doctrine of res judicata applies equally to issues of liability and damages, and once a jury has determined that the damages caused to this plaintiff by the defendant are non-permanent and aggregate $1,000 or less, [the no-fault law thresholds,] plaintiff should not be permitted to force defendant into a

second legal defense of additional damages.").  The final judgment is therefore reversed.

     Reversed.


SLEET, C.J., and ROTHSTEIN-YOUAKIM, J., Concur.

_____

Opinion subject to revision prior to official publication.