527 So.2d 250 (1988)
Ronald P. CASTRO, Appellant,
v.
Albert J. DAVIS, M.D., and Albert J. Davis, M.D., and Associates, P.A., a Professional Association, Appellees.
No. 87-1317.
District Court of Appeal of Florida, Second District.
June 1, 1988.
Rehearing Denied June 27, 1988.
Robert K. Eddy of Robert K. Eddy, P.A., Tampa, for appellant.
Nelly N. Khouzam of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., St. Petersburg, for appellees.
FRANK, Judge.
Based upon the events described below, Ronald P. Castro challenges the trial court's order dismissing his medical malpractice claim asserted against Albert J. Davis, M.D., and his related professional association. At the heart of this proceeding is the question of whether Castro satisfied the prelitigation notice requirement found in section 768.57(2), Florida Statutes (1985).
On July 20, 1984, Dr. Davis surgically repaired Castro's nasal septum. In spite of the surgery, Castro continued to suffer from the same problem leading up to the procedure performed by Dr. Davis. A second physician repeated the surgery on December 28, 1984, and informed Castro of his opinion that negligence occurred in the initial surgery. In July of 1986, Castro initiated an action against Davis without serving the notice prescribed in section 768.57(2). Based upon that fact, Davis sought dismissal of the complaint. The trial court, however, denied Davis' motion to dismiss on November 3, 1986 with the *251 result that Davis sought relief through a petition for a writ of certiorari in this court. An event critical to our resolution of this matter occurred prior to the filing of the petition; i.e., a letter dated October 10, 1986, was directed by Castro to Davis in which Davis was notified of Castro's intent to litigate the alleged malpractice. During the pendency of the petition, on January 16, 1987, Castro voluntarily dismissed his lawsuit and we dismissed the petition for mootness. Some days thereafter, on January 27, 1987, Castro filed his second action alleging in the complaint that the requisite notice had been served on October 10, 1986. Davis again attacked the complaint with a motion to dismiss, which was granted in a bare bones order, and a final judgment was simultaneously entered in favor of Davis.[1] We agree with Castro's perception of the manner in which section 768.57 is designed to function and reverse the trial court's dismissal of his complaint.
We begin by rejecting Davis' contention that section 768.57(3)(a) foreclosed the second complaint because it was filed 109 days after service of his October 10 notice of intent to initiate litigation. The apparent purpose of the 90 day period in which the potential malpractitioner may not be subjected to a lawsuit is not to mark the outside limit when the action must be started, but to insure an opportunity to pursue the statutorily prescribed procedural steps which, when exhausted, may result in amicable resolution of the claim arising from the allegedly tortious medical service. See Pearlstein v. Malunney, 500 So.2d 585 (Fla. 2d DCA 1986), rev. denied, 511 So.2d 299 (Fla. 1987). We find nothing in the statutory scheme, however, requiring Castro, as is contended by Davis, to file his complaint immediately upon the "conclusion of the 90-day period" rather than 19 days later. The statute operates merely to insulate the prospective defendant from a civil action for 90 days. Thus, the October 10 notice, notwithstanding the fact it was served during the pendency of the original action, accorded Davis the full statutory time to take advantage of the mechanism which might have shielded him from litigation. In short, the voluntary dismissal of Castro's first lawsuit was tantamount to its never having been filed entitling him to renew his claim within the statutory framework. Thus, upon or after the expiration of 90 days from October 10, Castro was empowered to commence the malpractice action. He did so on January 27, well within the limitations period of two years from December 28, 1984, with an enlargement of 90 days in accordance with section 768.57(4).[2]
We reverse, vacate the final judgment and remand for further proceedings consistent with this opinion.
CAMPBELL, A.C.J., and HALL, J., concur.
NOTES
[1] The contentions urged by Davis in support of his motion to dismiss were:

a) Plaintiff's failure to adhere to the mandate of section 768.57;
b) That the October 10, 1986, letter cannot be relied upon by the plaintiff as a basis for the filing of a new lawsuit since it was sent to the defendants during the pendency of the previous lawsuit. Defendants argued that it was an attempt to circumvent the statute of limitations.
[2] Section 768.57(4), in pertinent part, states as follows:

The notice of intent to initiate litigation shall be filed within the time limits set forth in s.95.11. However, during the 90-day period, the statute of limitations is tolled as to all potential defendants.