526 So.2d 1036 (1988)
John NASH, Appellant,
v.
HUMANA SUN BAY COMMUNITY HOSPITAL, INC., Aaron Schneider, M.D., Paul H. Sprenger, M.D., and Mark Shay, M.D., Appellees.
No. 87-2502.
District Court of Appeal of Florida, Second District.
June 17, 1988.
*1037 Larry G. Rightmyer, St. Petersburg, for appellant.
A. Broaddus Livingston of Carlton, Fields, Ward, Emmanuel, Smith, Cutler & Kent, P.A., Tampa, for appellee, Humana Sun Bay Community Hosp., Inc.
Nelly N. Khouzam of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., St. Petersburg, for appellee, Aaron Schneider, M.D.
Jeffrey R. Fuller of Williams, Brasfield, Wertz, Fuller & Lamb, P.A., St. Petersburg, for appellee, Paul H. Sprenger, M.D.
Karen A. Dean of Law Office of David D. Cuellar, Tampa, for appellee, Mark Shay, M.D.
SCHOONOVER, Judge.
The appellant, John Nash, challenges the dismissal with prejudice of his medical malpractice action against the appellees, Humana Sun Bay Community Hospital, Inc., Aaron Schneider, M.D., Paul H. Sprenger, M.D., and Mark Shay, M.D. We find that the trial court erred by dismissing the appellant's action with prejudice and, accordingly, reverse.
The appellant initially filed a medical malpractice action against the appellees on March 31, 1986. In the initial complaint, the appellant not only failed to allege generally that all conditions precedent to the filing of the action had been performed or had occurred in accordance with Florida Rule of Civil Procedure 1.120(c), but he also failed to specifically allege that he had served the required notification of intent to initiate litigation for medical malpractice in compliance with section 768.57(2), Florida Statutes (1985). The appellant also failed to include a certificate of good faith in the complaint as required by section 768.495(1), Florida Statutes (1985). The appellees, however, were served with a notice of intent to initiate litigation for medical malpractice on April 14, 1986. Although motions to dismiss the complaint were filed, the appellant voluntarily dismissed the complaint prior to a hearing on these motions.
On April 27, 1987, the appellant filed a second complaint against the appellees which was virtually identical to the initial complaint. Once again, however, the appellant failed to allege generally that all conditions precedent to the action had been performed or had occurred, failed to allege compliance with the notice requirement of section 768.57(2), and failed to include the good faith certificate required by section 768.495(1). The appellees filed separate motions to dismiss the complaint collectively contending that the appellant had failed to serve the requisite notice of intent to initiate medical malpractice litigation, that the complaint did not contain the good faith certificate of counsel required by section 768.495, and that the action was barred by the applicable statute of limitations. Prior to a hearing on these motions, the appellant filed a certificate of good faith and a notice of filing of intent to initiate medical malpractice litigation to which he attached copies of the notices of intent originally served on the appellees on April 14, 1986. A hearing on the motions to dismiss was conducted, and the trial court granted the motions without leave to amend. Thereafter, the appellant filed a timely notice of appeal from the final judgment subsequently entered by the trial court.
We agree that the appellant's complaint was defective because it contained no allegation that the appellant had properly served the notices of intent to initiate litigation for medical malpractice and because it lacked the good faith certificate of counsel required by section 768.495. Since proper notices of intent had been served in April 1986, however, and the untimely certificate of good faith reflects that the appellant's attorney had made the investigation required by section 768.495, the trial court should have given the appellant *1038 an opportunity to file an amended complaint alleging compliance with the notice of intent requirement and including the required good faith certificate.
Notwithstanding the appellees' contention to the contrary, the notices of intent to initiate litigation for medical malpractice served upon the appellees on April 14, 1986, did comply with section 768.57(2) and were not rendered a nullity because the notices were served during the pendency of the first action which was subsequently voluntarily dismissed. Although this court held in Castro v. Davis, 527 So.2d 250 (Fla. 2d DCA 1988), that the voluntary dismissal of a malpractice action was tantamount to its never having been filed, we found that a notice of intent served during the pendency of a previously voluntarily dismissed complaint satisfied the statutory notice requirements. See also, Askew v. County of Volusia, 450 So.2d 233 (Fla. 5th DCA 1984). Since, however, service of the notice of intent is a condition precedent to the institution of a medical malpractice action, see Pearlstein v. Malunney, 500 So.2d 585 (Fla. 2d DCA 1986), petition for review denied, 511 So.2d 299 (1987), the appellant was required to allege compliance with the statutory notice requirement in his complaint. Thus, the trial court properly dismissed the appellant's defective complaint. The trial court erred, however, in not allowing the appellant to amend the complaint to allege that this condition precedent had occurred or been performed because the record reflects that the statutorily required notice of intent had, in fact, been served. See Commercial Carrier Corp. v. Indian River County, 371 So.2d 1010 (Fla. 1979); McSwain v. Dussia, 499 So.2d 868 (Fla. 1st DCA 1986), petition for review denied, Duval County Hospital Authority v. McSwain, 511 So.2d 298 (Fla. 1987); Askew.
We also reject the appellees' contention that this action is barred by the statute of limitations because the complaint was not filed for more than a year after the notices of intent were served. This court considered a similar argument in Castro and held that nothing in the statutory scheme requires a plaintiff to file his complaint upon the conclusion of the ninety day period rather than months later. As we stated in Castro, section 768.57(3)(a), Florida Statutes (1985), merely operates to insulate the prospective defendant from a civil action for ninety days after the notice of intent is served and, pursuant to section 768.57(4), Florida Statutes (1985), tolls the statute of limitations for at least ninety days if the notice is timely served within the time limits set forth in section 95.11, Florida Statutes (1985). Clearly, the serving of a notice of intent to initiate litigation does not shorten the regular statute of limitations. Accordingly, since the complaint did not show on its face that this action was barred by the statute of limitations, it was not subject to a motion to dismiss on that ground. See B.B.S. v. R.C.B., 252 So.2d 837 (Fla. 2d DCA 1971).
Finally, we agree with the appellant's contention that the failure to include a section 768.495(1) certificate of good faith in his second complaint at the time it was filed was not fatal to his action. Section 768.495(1) in pertinent part provides:
No action shall be filed for personal injury or wrongful death arising out of medical negligence, whether in tort or in contract, unless the attorney filing the action has made a reasonable investigation as permitted by the circumstances to determine that there are grounds for a good faith belief that there has been negligence in the care or treatment of the claimant. The complaint or initial pleading shall contain a certificate of counsel that such reasonable investigation gave rise to a good faith belief that grounds exist for an action against each named defendant.
Although the investigation required by this section is clearly a condition precedent to filing a medical malpractice action, if the appellant's attorney had actually made the investigation as alleged in the good faith certificate which was filed after the second complaint but before the hearing on the motions to dismiss, that condition precedent had been fulfilled in this case. Although the trial court was not required to *1039 accept the certificate of good faith after the complaint was filed without a motion to amend, the trial court should have granted the motions to dismiss with leave to amend to include the certificate since the requirement of the good faith certificate is neither jurisdictional nor an essential element of the cause of action. See Commercial Carrier Corp.; McSwain; City of Pembroke Pines v. Atlas, 474 So.2d 237 (Fla. 4th DCA 1985), petition for review denied, 486 So.2d 595 (Fla. 1986).
We, therefore, reverse the final judgment in favor of the appellees and remand the case for further proceedings consistent with this opinion.
Reversed and remanded.
RYDER, A.C.J., and LEHAN, J., concur.