RICHARD B. TAUTIC ET AL. *v.* JAMES G. PATTILLO

SUPERIOR COURT        JUDICIAL DISTRICT OF        FILE NO. 351223
HARTFORD-NEW BRITAIN AT HARTFORD

Memorandum filed November 29, 1988

*Marshall J. Mott,* for the plaintiffs.
*Adinolfi, O'Brien & Hayes,* for the defendant.

HAMMER, J. The defendant has moved to dismiss this medical malpractice action on the ground that the plaintiffs' attorney's "certificate of good faith," filed with the complaint, fails to comply with the requirements of General Statutes § 52-190a (a). He claims that counsel's mere assertion therein that he has "made a reasonable inquiry as permitted by the circumstances [which] gave rise to a good faith belief that grounds exist for an action against [this] defendant" is insufficient under the statute unless the "inquiry" included a consultation with another physician whose opinion was the basis for the attorney's good faith belief that grounds existed for the bringing of this action.

The plaintiffs have raised a procedural objection to the defendant's motion in that it fails to state the particular jurisdictional ground upon which it is based as required by § 143 of the Practice Book. Their claim, with respect to the merits of the motion, is that the certificate tracks the language of the statute and is substantially the same as the one promulgated as being "required" pursuant to the statute in Form 101.13 of the Practice Book. They also argue that, under the stat-

ute, the court's determination of the question of whether the certificate was made in good faith must be deferred until the completion of discovery.

The plaintiffs' procedural objection is well taken in that neither the defendant's motion nor the memorandum in support of the motion state the jurisdictional basis for his request that this action be dismissed. The court will, nevertheless, decide the motion on its merits, because it presents a question of first impression as to the appropriate time, and the proper procedure, for testing the legal and factual sufficiency of a plaintiff's certificate of good faith in a medical malpractice action. Cf. *Scalo* v. *St. Vincent's Medical Center,* Superior Court, judicial district of Fairfield, Docket No. 235750 (February 11, 1987), 13 Conn. L. Trib. 13, and *Clauss* v. *Schofield,* Superior Court, judicial district of Stamford, Docket No. CV88-0092655 (July 1, 1988), 14 Conn. L. Trib. 35 (motions to dismiss in both cases based on *failure* to file certificate of good faith).

Section 52-190a (a) provides in part that "[n]o civil action shall be filed to recover damages resulting from personal injury or wrongful death occurring on or after October 1, 1987, whether in tort or in contract, in which it is alleged that such injury or death resulted from the negligence of a health care provider, unless the attorney or party filing the action has made a reasonable inquiry as permitted by the circumstances to determine that there are grounds for a good faith belief that there has been negligence in the care or treatment of the claimant. The complaint . . . shall contain a certificate, on a form prescribed by the rules of the superior court, of the attorney or party filing the action that such reasonable inquiry gave rise to a good faith belief that grounds exist for an action against each named defendant."

The attorney's good faith belief "may be shown to exist if [he] has received a written opinion . . . of a similar health care provider . . . that there appears to be evidence of medical negligence." The statute also permits the court to consider "other factors with regard to the existence of good faith" in addition to such written opinion. It provides further that "[i]f the court determines *after the completion of discovery* that such certificate was not made in good faith and that no justiciable issue was presented against a health care provider that fully cooperated in providing informal discovery, the court upon motion or upon its own initiative, shall impose upon the person who signed such certificate, a represented party or both, an appropriate sanction," (emphasis added) and may refer the offending attorney "for disciplinary review."

It is the defendant's claim, as stated in his brief, that the purpose of the statute "is to require the plaintiff to obtain a preliminary opinion from a medical expert that medical negligence has occurred to prevent groundless lawsuits or a shotgun approach where multiple health care providers are sued." He argues that, if the plaintiffs' attorney is permitted to state only that he has investigated the claim and concludes that there is evidence of medical negligence, the purpose of the statute will be defeated.

The defendant's argument fails because it equates a lawsuit in which the plaintiffs are not likely to prevail with one that is frivolous. Rule 3.1 of the Rules of Professional Conduct provides that a lawyer "shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis for doing so that is not frivolous, which includes a good faith argument for an extension, modification or reversal of existing law."

The explanatory comment to rule 3.1 notes that an advocate "has a duty to use legal procedure for the fullest benefit of the client's cause, but also a duty not to abuse legal procedure."

The comment further states that the filing of an action is not frivolous "merely because the facts have not first been fully substantiated or because the lawyer expects to develop vital evidence only by discovery [and that such] action is not frivolous even though the lawyer believes that the client's position ultimately will not prevail."

The fact that § 52-190a (a) provides, in addition to the assessment of monetary sanctions by way of expenses and attorney's fees in favor of the defendant, that the court may also "submit the matter to the appropriate authority for disciplinary review of the attorney" who signs a certificate not made in good faith, establishes that the standards governing the professional conduct of attorneys should be applied in determining what constitutes "good faith." That standard, as stated in the comment to rule 3.1, is as follows: "The action is frivolous, however, if the client desires to have the action taken primarily for the purpose of harassing or maliciously injuring a person or if the lawyer is unable either to make a good faith argument on the merits of the action taken or to support the action taken by a good faith argument for an extension, modification or reversal of existing law."

In addition to the Rules of Professional Conduct, both state and federal case law serve to give content and lend meaning to such otherwise illusory terms as "good faith" and "reasonable inquiry." For example, the Connecticut Supreme Court has observed that, under this state's rules of practice and procedure, the filing of a complaint does not serve merely as notice of an intent to investigate the accuracy of the allegations, or as a

sort of conditional pleading depending on the results of discovery. See *Dreier* v. *Upjohn Co.,* 196 Conn. 242, 247, 492 A.2d 164 (1985); see also General Statutes § 52-226a (requiring the court to make a posttrial special finding upon motion that the action is without merit and was not brought in good faith). A case maintained solely on the basis of mere speculation is one that is maintained in bad faith, and where such a claim "is pursued through time consuming litigation, or never is investigated minimally to determine its merits, a finding of bad faith is all but mandatory." *Harris* v. *Marsh,* 679 F. Sup. 1204, 1378 (E.D.N.C. 1987).

Procedural rules and illustrative forms that are adopted and promulgated in order to implement a proper legislative enactment cannot alter or modify its requirements, "they can only give effect to its real purpose." *Dunnett* v. *Thornton,* 73 Conn. 1, 6, 46 A. 158 (1900). Although no specific rule has been adopted by the Superior Court pursuant to § 52-190a, the court finds that the wording of Practice Book Form 101.13, which was adopted September 17, 1986, effective October 1, 1986, so as to comply with the statutory mandate, "follows the very language of [the statute, and thus] there is no basis to attack the sufficiency of the certificate" filed by the plaintiffs in this case, which is substantially the same as the form prescribed in the Practice Book. See *Steinberg* v. *Brookdale Hospital Medical Center,* 134 Misc. 2d 268, 273, 510 N.Y.S.2d 797 (1986).

The defendant's criticism of the form and content of the certificate filed by the plaintiffs in this case in accordance with that prescribed by the Practice Book, is really directed to a matter of legislative discretion, namely, the policy choice made by the General Assembly that it would not expressly define what constitutes a "reasonable inquiry" within the meaning of the statute. The comparable New York statute, N.Y. Civ. Prac. R. 3012a (McKinney 1989), for example, requires the

attorney to certify that he has consulted with at least one physician who he believes is "knowledgeable in the relevant issues involved," and if he was unable to do so, that he "had made three separate good faith attempts with three separate physicians . . . and none of those contacted would agree to such a consultation." See *Santangelo* v. *Raskin,* 137 App. Div. 2d 74, 76–77, 528 N.Y.S.2d 90 (1988). Our legislature, on the other hand, has chosen to leave the determination of what constitutes a "reasonable inquiry" to the individual professional judgment of the attorney representing the medical malpractice plaintiff in the particular case, subject to the appropriate monetary and disciplinary sanctions if he does not exercise that judgment in accordance with reasonable professional standards.

The remaining question for the court's determination is whether a motion to dismiss on jurisdictional grounds at the inception of the lawsuit is the appropriate procedural device for testing the sufficiency of the certificate filed by a plaintiffs' attorney under the statute.

A New York trial court has held that the failure to file a certificate of merit with the complaint affects neither the subject matter jurisdiction that the court has over medical malpractice actions nor the court's personal jurisdiction of the defendant that is acquired by the service of the summons. *Sullivan* v. *H.I.P. Hospital, Inc.,* 138 Misc. 2d 711, 712, 524 N.Y.S.2d 1022 (1988). Under the Florida statute, which provides for the same type of certification as that required under § 52-190a, it has been held that the requirement of a certificate of good faith is neither jurisdictional nor an essential element of the cause of action. *Nash* v. *Humana Sun Bay Community Hospital,* 526 So. 2d 1036, 1039 (Fla. App. 1988).

In any event, the summary dismissal of an action because a certificate of merit has not been filed, or because the defendant claims that it is legally or factually insufficient or both, is most premature since a meaningful decision as to whether the action is frivolous can hardly be made at the time the action is commenced. *Steinberg* v. *Brookdale Hospital Medical Center,* supra, 272. The fact that § 52-190a expressly provides that the court's determination of whether the certificate was made in good faith and whether a justiciable issue as to liability was presented, is to be made on the motion of the adverse party only after the completion of discovery, leaves no doubt that the factual sufficiency of the certificate is not ripe for determination at this time.

For all of the foregoing reasons, the defendant's motion to dismiss the plaintiffs' complaint is denied.