FRANK, RICHARD H., Associate Judge.
The sole question in this matter is whether the fourth amended complaint filed on December 18,1985, by Lorieta Steck as the guardian of Theodore Steck stated a medical negligence cause of action against Henderson Mental Health Center, Inc. The trial court determined that it did not. We disagree.
The fourth amended complaint’s prolixity, awkward syntax and convoluted construction require vastly more than a reasonable amount of effort to distill a cause of action grounded upon Henderson’s rendition of medical services. The document is far from a paradigm of skillful pleading. Nonetheless, we have extracted from its allegations the elements essential to a claim of medical negligence, i.e., a duty, the breach of that duty, proximate causation and resulting damage. The fourth amended complaint, given the benefit of patient analysis, reveals that the following ultimate facts have been pleaded: that Henderson assumed the responsibility to provide Theodore Steck with psycho-medical care or evaluation, that its agents administered mind altering drugs to him without his informed consent, that an order to discontinue such drugs went unheeded, and that continued administration of the drugs caused Steck to suffer brain damage. Based upon our view of the fourth amended complaint it cannot be said that its allegations are insufficient to inform Henderson of the nature of the claim against it. Wiggins v. State Farm Mutual Automobile Insurance Co., 446 So.2d 184 (Fla.2d DCA 1984).
Based upon the foregoing, we vacate the trial court’s final order and remand for further proceedings.[1]
HERSEY, C.J., and STONE, J., concur.

. In reaching our conclusion in this matter, we emphasize that we are not passing upon the applicability of or compliance with section 768.-57(2) and (4), Florida Statutes (1987), which became effective on October 1, 1985. See Castro v. Davis, 527 So.2d 250 (Fla. 2d DCA 1988).