[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, Richard Stevens and Sonia Stevens, brought this action by complaint dated November 20, 1991, in which they allege that they are entitled to recover uninsured motorist benefits under an automobile insurance policy issued by the defendant. The defendant insurer has filed a motion for summary judgment on the ground that "there is no genuine issue of material fact that the plaintiffs failed to demand uninsured motorist benefits or commence the present suit for such benefits within the two-year period provided in the insurance contract under which they now claim benefits."
The insurance policy, a copy of which has been submitted by the defendant with its motion, provides that "[a]ll claims or suits under [the uninsured motorists coverage] must be brought within two years of the date of the accident." The police report of the underlying accident, which has also been filed by the defendant in support of its motion, shows that the accident, which occurred on August 8, 1989, and resulted in injuries to Richard Stevens, who was driving his vehicle northbound in the left lane of the highway and to his wife, who was a passenger, was caused by the negligence of the operator of another northbound vehicle who was attempting to make a left turn from the right lane of the high. way CT Page 6348-S
The police report indicates that the other driver, who was identified in the report as Michael Harris, "evaded the scene on foot" and that when he was apprehended and questioned he denied any involvement in the accident. After he was identified by a witness as the operator, he was arrested for a number of motor vehicle offenses, including his failure to carry an insurance identification card in violation of 14-213b of the General Statutes. In support of their opposition to the motion, the plaintiffs have submitted an affidavit by a private investigator who was retained by them to investigate Harris's insurance coverage. He states that on February 5, 1990, Harris told him that he was not operating the vehicle that caused the accident, and he refused to give any information about his automobile insurance coverage.
The affidavit of the investigator goes on to state that he was unable to obtain any further information from Harris although he "diligently investigated the issue of insurance coverage" until November 11, 1991. He states that it was not until that date that he learned that the insurance on the Harris automobile had been cancelled on July 27, 1989, just prior to the accident in question.
The plaintiffs have also submitted an affidavit of Sonia Stevens stating that she and her husband "have fully performed everything required of us by Aetna", that the insurer "has been kept informed CT Page 6348-T of the progress of this case [and that as] a result of our continuing communications and involvement with Aetna, it has not been materially prejudiced by any delay in commencing this lawsuit." The final document submitted by the plaintiffs in opposition to the defendant's motion is a letter from an Aetna claim representative to plaintiffs' counsel dated April 21, 1991, stating that "[o]bviously the statute of limitations on this matter will run on August 8, 1991 . . .", that the responsible party appeared to be Michael Harris, and requesting information as to any litigation pending against Harris, as well as "the name of his liability carrier as to date, we have not yet been able to obtain this information."
The defendant argues that the pleadings and the documents submitted in support of its motion for summary judgment show that there is no genuine issue "as to any material fact relating to the [plaintiffs'] failure to bring suit" within two years of the accident as required by the insurance contract. See Monteiro v. American Home Assurance Co., 177 Conn. 281, 286. It claims to be entitled to judgment as a matter of law because an insurance policy provision that an action must be brought within a specified period of time imposes a valid and binding contractual obligation and compliance with such a requirement is a condition precedent to recovery under the policy. Chichester v. New Hampshire Fire Insurance Co., 74 Conn. 510, 513. The insurer also cites 38a-290(d) of the General Statutes as constituting an CT Page 6348-U express legislative recognition of the validity of a two-year limitation on the assertion of claims for uninsured motorists benefits. Insofar as it pertains to such claims the statute provides as follows:
 "No insurance company doing business in this state shall limit the time within which any suit shall be brought against it or, with respect to subdivision (d) of this section, any claim shall be submitted to arbitration on . . . (d) the uninsured motorist provisions of a motor vehicle insurance policy to a period less than two years from the date of the accident . . . ."
Prior to its recodification, subsection (d) was originally enacted as part of 38-27 of the General Statutes by Public Acts 1982, No. 82-406, 2, and applied only to "the time within which any suit shall be brought against [an insurance company]" without reference to claims or demands for arbitration. The only subsequent amendment of the statute was made in Public Acts 1985, No. 85-73, by adding the requirement that any contractual time limitation for the submission of an uninsured motorist claim be for a period of not less than two years.
The plaintiffs argue that the language of the statute, as amended "addresses only the arbitration of uninsured motorist claims [and] does not address lawsuits." Even if it were assumed that there is some ambiguity in the statute and that the legislative CT Page 6348-V intent was, as the plaintiffs suggest in their brief, to allow the six-year statute of limitations to apply to all actions for uninsured motorist benefits, the legislative history of the 1985 enactment lends no support to the plaintiffs' claim.
In the course of his comments on the 1985 amendment, Senator Donald E. Schoolcraft noted that "at the current time, the person must file the lawsuit in court within two years." 28 S.Proc., Pt. 4, 1985 Sess., p. 1281. He also noted that "80% of the cases are arbitrated rather than go to court [and that] we're trying to give him the same opportunity, come under the same rules and regulations that if he wants, through contract, to file a suit which is two years, then we want to give him the same rights under arbitration" Id. at 1281-82.
The second ground stated by the plaintiffs in their brief in opposition to the motion is that under the facts of this case it was unreasonable to require them to commence this action within two years when there was uncertainty as to the identity of the tortfeasor initially and later, as to whether he was insured, underinsured or uninsured. They rely on two superior court decisions, Kulisch v. Aetna Casualty Surety Co., 5 Conn. L. Rptr. 377 (Reilly, J. 1991) and Kissh v. Automobile Insurance Co.,5 Conn. L. Rptr. 550
(Pickett, J. 1992), holding that 38a-290 does not apply to claims for underinsured coverage. CT Page 6348-W
In Kulisch, the court ruled that the statute applied only to claims for uninsured motorist benefits and noted that an uninsured driver will probably be charged under 14-213b of the General Statutes for failure to produce an insurance identification card and that therefore "a driver involved in an accident usually knows at the scene if the other driver is uninsured." Id. 380. Judge Reilly also distinguished the problems involved in the underinsured motorist context where it is necessary to determine the amount of coverage that is available and to take whatever steps may be required to exhaust that coverage. Id. 381-82.
Despite the fact that under some circumstances it may be significantly more difficult for a claimant who seeks to recover underinsured, rather than uninsured, benefits under his policy, another trial court has held that in either case the "two-year time limit for instituting claims or suits [under such policies] is valid because it complies with 38a-290 of the General Statutes]". Hotkowski v. Aetna Life Casualty Co., No. 59435, Middlesex Judicial District (Higgins, J. September 11, 1991). It should also be noted that even in jurisdictions where there is no legislatively imposed minimum time period for bringing uninsured motorist claims as there is in Connecticut, a contractual limitation of two years has been held to be reasonable in length and consistent with public policy because it is "the same amount of time plaintiffs CT Page 6348-X would have had to determine financial responsibility for an accident with an insured motorist." Coyne v. Country Mutual Insurance Co.,349 N.E.2d 485 at 486 (Ill.App., 1976).
The legislative purpose of uninsured motorist coverage is to give a personal injury claimant access to insurance protection to compensate for the damages that would have been recoverable if the tortfeasor had maintained an adequate policy of liability insurance. Smith v. Safeco Insurance Co. of America, 225 Conn. 566,573. "The public policy established by the uninsured motorist statute is that every insured is entitled to recover for the damages he or she would have been able to recover if the uninsured motorist had maintained a policy of liability insurance." Harvey v. Travelers Indemnity Co., 188 Conn. 245 at 248.
In the absence of a controlling statute to the contrary, the Ohio Supreme Court has held that a contractual limitation of only one year as the period within which to bring an action against the insurer under the policy's uninsured motorist provisions "is neither in conflict with . . . the two year statute of limitations for bringing actions for personal injuries, nor in violation of the public policy as embodied in. . . the statute requiring the offering of uninsured motorist insurance." Colvin v. Globe American Casualty Co., 432 N.E.2d 167 at 170 (Ohio, 1982). It should be noted that under the facts in Colvin as stated in the majority opinion, CT Page 6348-Y "[t]he insured and his counsel were aware that there was a possible uninsured motorist claim" within one year of the accident, and that although the court acknowledged that "there may be presented some additional difficulties in ascertaining the insured status of the tortfeasor, and thence [sic] some problem of passage of time, we believe that needed information may be gathered within this time period and appropriate proceedings instituted pursuant to the policy."Id.
Under the undisputed facts of this case, the actions and conduct of the tortfeasor at the time of the accident, his failure to carry an insurance identification card, and his refusal to disclose any information about his insurance coverage to the plaintiffs' investigator were more than sufficient to justify the bringing of a "good faith" action against the insurer well within the prescribed two-year period. See Tautic v. Pattillo, 41 Conn. Sup. 169, 172-73. Moreover, the deletion of the arbitration clause from the policy by the insurer does not mean "that all claims [must now] be brought as lawsuits" as stated by the plaintiffs in their brief, because the limitation provision continues to be applicable to all "claims" as well as to all "suits", and the mere assertion of a claim within the two-year period is all that is required of the insured to satisfy the contractual condition.
The purposes of such contractually imposed conditions in CT Page 6348-Z insurance policies are to "prevent delay in the determination of all questions of loss" and to give the insurer timely notice that "a claim will be prosecuted." Woodbury Savings Bank v. Charter Oak Insurance Co., 31 Conn. 517 at 529. The two-year limitation period provided in the insurance contract for either bringing a suit or making a claim for uninsured motorist benefits is not unreasonable or in violation of the public policy considerations underlying the statutorily mandated coverage as claimed by the insured in this case.
The plaintiffs' further claim is that their failure to comply with the policy conditions within two years of the date of the accident should be excused because "there has been no prejudice demonstrated by the defendant by the filing of this claim in November 1991 rather than August 1991." They rely on the case of Aetna Casualty Surety Co. v. Murphy, 206 Conn. 409, in which the Supreme Court held that absent a showing of-prejudice to the insurer, the "insured's delay in giving notice of an event triggering insurance coverage" does not relieve the insurer of its obligation to provide coverage. Id. 417-18.
The purpose of notice provisions in insurance policies is to protect the insurer from prejudice in processing a claim and, therefore, where an insurer's interests have not been harmed by a late notice, the reason for the notice condition no longer exists. Zieba v. Middlesex Mutual Assurance Co., 549 F. Sup. 1318, CT Page 6348-AA 1321 (D. Conn. 1982).
Contractual limitation periods for bringing suit, on the other hand, are designed "to encourage plaintiffs to use reasonable and proper diligence in enforcing their rights. . .", and, therefore, a finding of prejudice is not required before an insurer may rely on an insured's failure to bring suit under the limitation of action condition in an insurance policy. Id.
Finally, the plaintiffs challenge the constitutionality of 38a-290
by claiming that it violates the equal protection clauses of the state and federal constitutions, that it is void for vagueness and that it violates the due process rights of insureds. Although the trial court's opinion in Kulisch, supra, p. 380, suggests that under certain circumstances an attempt by an insurer to enforce the two-year limitation "could amount to an unconstitutional violation" of a plaintiff's due process rights under the underinsured provisions of the insurance policy, no colorable claim of unconstitutionality in the context of an uninsured motorist claim can be made for the reasons previously stated in this opinion.
For the foregoing reasons, the defendant's motion for summary judgment is granted.