[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR ORDER OF COMPLIANCE
The plaintiff has disclosed Dr. Vincent Russo as her expert in this medical malpractice action. During the deposition of Dr. Russo, plaintiff's counsel refused to permit him to CT Page 6471-MM produce a three page report which plaintiff's counsel claimed to be a "good faith" report prepared for him pursuant to the requirements of 52-190a of the Connecticut General Statutes, and therefore, not subject to discovery. The defendant claims that said report is not subject to any claim of "privilege", and that the information contained in the report is subject to discovery.
The plaintiff's attorney argues that the first expert retained by him, Dr. Swindell, did submit a written opinion which formed the basis of his good faith certificate filed at the commencement of the institution of the instant action. Plaintiff's counsel thereafter learned that Dr. Swindell would not be available to testify in court, and thereupon retained Dr. Russo as his expert witness and obtained from him a "good faith" report, which is the subject of controversy. The plaintiff claims that this report is protected from discovery under the provisions of Connecticut General Statutes52-190a (1993), which states in part:
 "For purpose of this section, such good faith may be shown to exist if the claimant or his attorney has received a written opinion, which shall not be subject to discovery by any party CT Page 6471-NN except for questioning the validity of the certificate,"
Admittedly, the plaintiff's attorney has received two "good faith" reports, one from Dr. Swindell, prior to the time the action was commenced, and the "good faith" report from Dr. Russo, which was obtained after the commencement of this action. However, there is nothing in the statute that restricts an attorney from obtaining more than one "good faith" report to substantiate a good faith belief that there has been negligence in the care and treatment of his or her client. Similarly, there is no prohibition under 52-190a that further substantiation cannot be pursued after the action has been instituted. Plaintiff claims that Dr. Russo's "report" was provided to him to substantiate the plaintiff's good faith requirement. The instant motion does not question the basis of the "good faith" affidavit. Therefore, the report of Dr. Russo which the plaintiff claims forms the basis of the plaintiff's "good faith belief" that the defendant was negligent is not discoverable. Tautic v. Patillo, 41 Conn. Sup. 169, 173
(1988).
The defendant's motion for order of compliance is denied. CT Page 6471-OO
Pellegrino, J.