[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Koskoff, Koskoff Bieder for plaintiff.
Pollock Dunnigan and Danaher, Tedford, Lagnese Neal for defendants.
The plaintiff Jane Hoe, who underwent surgery for the implantation of breast implants on or about April 17, 1984, brings this action seeking damages for illnesses and injuries she has suffered which are alleged to have been caused by the implants. Among the defendants in this action are Joel M. Rein, M.D., Carmine T. Calabrese, M.D., and Carmine T. Calabrese, M.D., P.C. (the "Defendants.") In counts of the complaint bearing the title "Negligent Medical Advice," the plaintiff alleges that the Defendants failed to inform the plaintiff of the risks of silicone breast implants and failed to advise removal of the breast implants. The plaintiff does not allege that Dr. Rein or Dr. Calabrese performed the surgery to insert the plaintiff's breast implants.
In accordance with the requirements of General Statutes §52-190a, there is appended to the complaint in this action a certificate from plaintiff's counsel certifying that she made CT Page 7918 reasonable inquiry to determine whether there are grounds for a good faith belief that there was negligence on the part of the Defendants in the care and treatment of the plaintiff. The Defendants have now moved for an order directing the plaintiff to disclose the basis of the good faith certificate filed under Section 52-190a(a), including disclosure of the written report of any health care provider attesting to negligence on the part of the Defendants. The Defendants concede that their motion is unprecedented in that it is based on the contention that public policy requires the disclosure now, at an early stage in this lawsuit.
The Defendants begin their argument by pointing out that each of the physicians saw the plaintiff on only one occasion, Dr. Rein on October 12, 1991 and Dr. Calabrese on January 20, 1993. In each instance the plaintiff was examined by the physician and the plaintiff then discussed with each doctor the risks, advantages, and disadvantages of silicone gel breast implants. Dr. Rein recalls telling the plaintiff of the differences within the medical community with respect to whether or not there is a connection between silicone breast implants and autoimmune disorders, and telling her his own opinion as well as the position of the Food and Drug Administration. Neither Dr. Rein nor Dr. Calabrese treated the plaintiff.
The Defendants vigorously dispute that they have any liability to the plaintiff as a result of their one-time only consultations. They contend that it is beneficial for women with questions about silicone gel breast implants to turn to knowledgeable physicians. They suggest, however, that they and physicians in similar circumstances will be reluctant to see breast implant patients for consultation if the end result is that the physicians become defendants in complex litigation from which they cannot extricate themselves for years. The Defendants contend that early disclosure of the good faith certificate will remedy the problem by informing the Defendants of who it is who has opined that the Defendants were negligent, together with the particulars of the alleged negligence. The Defendants' argument suggests that perhaps the opinion does not exist. The plaintiffs oppose the Defendants' motion, disputing some of the Defendants' factual contentions and asserting that the terms of General Statutes § 52-190a(a) do not permit disclosure at this time.
Section 52-190a(a) prohibits the filing of a civil action alleging negligence by a health care provider unless the CT Page 7919 plaintiff or attorney has made a reasonable inquiry to determine that there are grounds for a good faith belief that there was negligence in the care or treatment of the plaintiff. A certificate that the inquiry was made and that it gave rise to a good faith belief is required to be appended to the complaint. The statute continues:
 [f]or purposes of this section, such good faith may be shown to exist if the claimant or his attorney has received a written opinion, which shall not be subject to discovery by any party except for questioning the validity of the certificate,
of a similar health care provider as defined in section 52-184c . . . that there appears to be evidence of medical negligence . . . If the court determines after the completion of discovery, that such certificate was not made in good faith and that no justiciable issue was presented against a health care provider that fully cooperated in providing informal discovery, the court upon motion or upon its own initiative, shall impose upon the person who signed such certificate, a represented party or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion or other paper, including a reasonable attorney's fee.
(Emphasis added.) The few cases which have construed this statute have consistently found that any inquiry concerning the sufficiency of the certificate or the pre-complaint inquiry can be undertaken only after the completion of discovery.LeConche v. Elligers, 215 Conn. 701, 708 (1990);Tautic v. Pattilo, 41 Conn. Sup. 169, 175 (1988);Zamstein v. Marvasti, 10 Conn. L. Rptr. No. 9, 261 (December 31, 1993). The court agrees with the decision inZamstein, which states that
 the statute seems to contemplate the following chronology: a) plaintiff files the action, b) discovery ensues, c) CT Page 7920 discovery, in the main, discloses little or no expert support for a claim of medical negligence, d) defendant, now having a good faith suspicion concerning the validity of the certificate, files discovery aimed at the certificate, and e) either plaintiff produces some evidence of reasonable inquiry, ending the controversy over the issue, or plaintiff is unable to support the certificate and the court entertains the issue of sanctions.
General Statutes § 52-190a(a) clearly defers any inquiry concerning the sufficiency of the certificate or the pre-suit inquiry until after the completion of discovery. There is no exception on public policy or other grounds. If, after the completion of discovery in this case, the court finds that the certificate was not made in good faith, that no justiciable issue was presented, and that the Defendants cooperated in providing informal discovery, it is the court's intention, consistent with the statute, to order that the plaintiff pay the Defendants their reasonable expenses incurred in defending this action, including reasonable attorneys' fees. Under the statute as enacted by the legislature, that is the Defendants' sole recourse. Accordingly, the Defendants' motion for order of disclosure is denied.
CHRISTINE S. VERTEFEUILLE, JUDGE