[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On November 16, 1993, the plaintiff initiated this action against the defendants Waterbury Hospital and Dr. John Lewis, among others. In the third count, sounding in malpractice, the plaintiff alleges that Dr. Lewis negligently performed an emergency cesarian section on the plaintiff, which allegedly resulted in an abdominal wall hernia. The plaintiff failed to attach a good faith certificate to the initial complaint as required by General Statutes § 52-190a.[1] On May 9, 1994, the plaintiff filed an amended complaint containing a § 52-190a
certificate of good faith.
The defendant Dr. John Lewis moves to strike the third count of the complaint on the ground that the plaintiff's certificate of good faith fails to comply with General Statutes § 52-190a, which requires that a good faith inquiry be performed by a "similar health care provider," as that term is defined by General Statutes § 52-184c. The plaintiff's certificate of good faith is based on the plaintiff's consultation and inquiry with an internist, Dr. Lawrence Wolfe. Doctor Lewis notes that he is a certified obstetrician, and the injury alleged by the plaintiff was allegedly sustained in the course of a cesarian section operation which he performed on the plaintiff. Doctor Lewis argues that the certificate is insufficient because it is CT Page 4279 not based upon the opinion of a "similar health care provider," as required by General Statutes § 52-190a.
The plaintiff objects to the motion to strike, arguing that discovery is not yet complete. The plaintiff notes that the internist, Dr. Laurence Wolfe, has not yet been deposed and the basis of his experience, as it relates to the treatment and diagnosis provided by the defendants, has yet to be explored. The plaintiff argues that the defendant's motion is premature, insofar as it seeks to raise the sufficiency of the plaintiff's good faith certificate.
 The purpose of the certificate [of good faith] is to evidence a plaintiff's good faith derived from the precomplaint inquiry. It serves as an assurance to a defendant that a plaintiff has in fact made a reasonable precomplaint inquiry giving him a good faith belief in the defendant's negligence. . . . The purpose is . . . served by viewing the statutory requirement that the complaint contain a good faith certificate as a pleading necessity akin to an essential allegation to support cause of action. Viewed through that prism, the absence from the complaint of the statutorily required good faith certificate renders the complaint subject to motion to strike pursuant to Practice Book § 152(1) for failure to state a claim upon which relief can be granted, and to render that absence curable by timely amendment pursuant to Practice Book § 157 and § 175.
(Footnote omitted.) Leconche v. Elligers, 215 Conn. 701, 711,579 A.2d 1 (1990).
The defendant's motion to strike seeks to challenge the sufficiency of the plaintiff's certificate of good faith and precomplaint investigation. The supreme court has held that General Statutes § 52-190a "clearly requires a factual inquiry by the court regarding the sufficiency of the precomplaint investigation. That inquiry is to be undertaken after the completion of discovery." Leconche v. Elligers, supra,215 Conn. 708. As noted by the court in Hoe v. Corning Inc.,
Superior Court, judicial district of Bridgeport, Docket No. 309736 (August 4, 1994, Vertefeuille, J.),
[t]he few cases which have construed this statute have CT Page 4280 consistently found that any inquiry concerning the sufficiency of the certificate or the pre-complaint inquiry can be undertaken only after the completion of discovery. LeConche v. Elligers, 215 Conn. 701, 708
(1990); Tautic v. Pattilo, 41 Conn. Sup. 169, 175
(1988); Zamstein v. Marvasti, 10 Conn. L. Rptr. No. 9, 261 (December 31, 1993). The court agrees with the decision in Zamstein, which states that the statute seems to contemplate the following chronology: a) plaintiff files the action, b) discovery ensues, c) discovery, in the main, discloses little or no expert support for a claim of medical negligence, d) defendant, now having a good faith suspicion concerning the validity of the certificate, files discovery aimed at the certificate, and e) either plaintiff produces some evidence of reasonable inquiry, ending the controversy over the issue, or plaintiff is unable to support the certificate and the court entertains the issue of sanctions.
 General statutes § 52-190a(a) clearly defers any inquiry concerning the sufficiency of the certificate or the pre-suit inquiry until after the completion of discovery. There is no exception on public policy or other grounds.
Hoe v. Corning Inc., supra; see also Tautic v. Pattillo,41 Conn. Sup. 169, 175, 561 A.2d 988 (1988) (factual sufficiency of the certificate is not ripe for determination until discovery completed).
This reasoning is applicable to the present motion to strike, which raises the issue of whether the plaintiff's medical consultant for the certificate was a "similar health care provider" under General Statutes §§ 52-190a and 52-184c. Where the defendant health care provider is certified by an appropriate American board as a specialist, is trained and experienced in a medical specialty, or holds himself out as a specialist, General Statutes § 52-184c(c) defines the term "similar health care provider" as
 one who (1) [i]s trained and experienced in the same specialty; and (2) is certified by the appropriate American board in the same specialty; provided if the defendant health care provider is providing treatment CT Page 4281 or diagnosis for a condition which is not within his specialty, a specialist trained in the treatment or diagnosis for that condition shall be considered a `similar health care provider.'
As the plaintiff argues, the extent of Dr. Wolfe's training and experience has yet to be explored through discovery. In addition, the question remains as to what area of specialty applies to the treatment and diagnosis of the plaintiff at issue in this case. Accordingly, the defendant's motion to strike is denied without prejudice. LeConche v. Elligers, supra, 215 Conn. 708;Tautic v. Pattilo, supra, 41 Conn. Sup. 175; Zamstein v. Marvasti,
supra, 10 Conn. L. Rptr. 261; Hoe v. Corning Inc., supra, Superior Court, judicial district of Bridgeport.
WILLIAM J. SULLIVAN, J.